1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11     MAURICE L. FRAZIER,                          No.  2:20-cv-0978 DB P

12                     Plaintiff,

13     JANAM, et al..                               ORDER AND FINDINGS AND
                                                    RECOMMENDATIONS
14                     Defendants.

15

16         Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

17     1983.  Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's

18     complaint for screening.  For the reasons set forth below, this court grants plaintiff's motion to

19     proceed in forma pauperis, finds plaintiff has not stated any claims cognizable under § 1983, and

20     gives plaintiff an opportunity to amend his complaint.  In addition, this court recommends

21     dismissal of one defendant from this action.

22                                    **IN FORMA PAUPERIS**

23         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

24     Accordingly, the request to proceed in forma pauperis will be granted.

25         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

26     1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27     accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

28     the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

                                                  1

1  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

2  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

4  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

5  1915(b)(2).

6  **SCREENING**

7  **I. Legal Standards**

8  The court is required to screen complaints brought by prisoners seeking relief against a

9  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

10  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

11  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

12  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

13  U.S.C. § 1915A(b)(1) & (2).

14  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke

15  v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

16  1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

17  meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

18  327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

19  arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal

20  Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the

21  pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and

22  the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

23  (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

24  However, in order to survive dismissal for failure to state a claim a complaint must contain

25  more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

26  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

27  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

28  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

1   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

2   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

3        The Civil Rights Act under which this action was filed provides as follows:

4              Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the deprivation
5              of any rights, privileges, or immunities secured by the Constitution .
               . . shall be liable to the party injured in an action at law, suit in equity,
6              or other proper proceeding for redress.

7   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

8   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

9   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

10  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

11  1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

12  an act which he is legally required to do that causes the deprivation of which complaint is made."

13  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

14  **II.  Analysis**

15      **A.  Allegations of the Complaint**

16      Plaintiff complains of conduct that occurred at Mule Creek State Prison in 2019.  He

17  identifies the following defendants:  (1) California Department of Corrections and Rehabilitation

18  ("CDCR"); (2) Correctional Officer ("CO") Janam; (3) CO Bartkiewicz; (4) Lieutenant Cooper;

19  (5) Lieutenant Elston; (6) Correctional Counselor McFadden; and (7) Doe Defendants 1-10.

20      Plaintiff alleges that on March 21, 2019, he was standing outside the cell of inmate Valdez.

21  Defendant Janam was at the officers' podium on the floor below and called plaintiff to come

22  downstairs.  Janam asked plaintiff whether he had passed something under Valdez's door.

23  Plaintiff stated that he had not.  Forty minutes later, Janam informed plaintiff that he was writing

24  up a rules violation report ("RVR") for plaintiff's constructive possession of a cell phone.  As

25  Janam walked away from plaintiff's cell, plaintiff yelled after him that he knew Janam had not

26  found the phone in Valdez's cell but had found it in Valdez's possession in the dayroom.

27      The following day, plaintiff was placed in administrative segregation ("ad seg") based on

28  making a verbal threat to Janam.  However, upon administrative review, that allegation was found

3

1    untrue and plaintiff was released from ad seg.  Plaintiff states that in retaliation for plaintiff's

2    release from ad seg, Janam's "partners" searched plaintiff's cell several times, harassed plaintiff

3    during family visits, and conducted body searches of plaintiff.

4         Plaintiff alleges that he made defendants Cooper, Elston, McFadden, and Does 1-10 aware of

5    Janam's retaliatory conduct but they "failed to take corrective action."

6         Plaintiff states that his appeal regarding the RVR was granted at the third level of review and

7    the prison was required to re-hear the rules violation.  The prison then dropped the cell phone

8    RVR, but found plaintiff guilty of a "lesser included charge," disrespect with potential for

9    violence or disruption.  As a result, plaintiff lost five years of family visits, among other things.

10        Plaintiff seeks damages and an injunction for the resumption of family visits.

11   **B.  Does Plaintiff State Cognizable Claims?**

12        Plaintiff identifies two claims:  retaliation and "failure to take corrective action."  Plaintiff

13   also appears to be alleging a third claim for a violation of his right to due process when he was

14   found guilty of the lesser offense without notice.

15        **1.  First Amendment Retaliation**

16        "Within the prison context, a viable claim of First Amendment retaliation entails five basic

17   elements:  (1) An assertion that a state actor took some adverse action against an inmate (2)

18   because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

19   exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

20   correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and

21   citations omitted).  Plaintiff's retaliation claim is not entirely clear.  He appears to be contending

22   that he suffered cell searches, body searches, and interference with family visits as a result of

23   being released from ad seg.  However, nothing about plaintiff's complaint demonstrates that the

24   release from ad seg implicates plaintiff's exercise of his First Amendment rights.  Therefore, it

25   cannot provide a basis a retaliation claim.

26        It is also possible plaintiff is alleging that officers' conduct was based on plaintiff's

27   statements to Janam after the RVR was issued in which plaintiff challenged Janam's finding of

28   the cell phone.  However, not every type of speech is protected by the First Amendment.  See

4

1    Quezada v. Herrera, No. 1:10-cv-0483-AWI-GBC (PC), 2012 WL 1076130, at *4 (E.D. Cal. Mar.

2    29, 2012) (complaining that inmates had to wear hairnets not protected speech), aff'd, 520 F.

3    App'x 559 (9th Cir. 2013); Thomas v. MCSO, No. CV 09-0708-PHX-DGC (JRI), 2009 WL

4    1311992, at *3 (D. Ariz. May 12, 2009) (calling an officer a derogatory name is not protected

5    conduct); Ruiz v. Cal. Dept. of Corr., No. CV 07-1775 JSL (SS), 2008 WL 1827637, at *2 (C.D.

6    Cal. Apr. 22, 2008) (prisoner's comments expressing dissatisfaction about matters of personal

7    concern to inmate was not a matter of public concern protected by the Free Speech Clause);

8    Whitfield v. Snyder, 263 F. App'x 518 (7th Cir. 2008) (prisoner's complaint about prison job

9    involved matters of personal, rather than public, concern and did not qualify as protected speech).

10   Plaintiff's comments to Janam were a challenge to the issuance of the RVR.  The do not appear to

11   have been matters of public concern implicating First Amendment protections.

12        In addition to failing to show a protected exercise of his First Amendment rights, plaintiff

13   fails to allege facts showing just who took each of the actions he contends are retaliatory, fails to

14   allege facts to show that the actions were taken because of plaintiff's protected conduct, and fails

15   to demonstrate that the actions taken did not advance legitimate correctional purposes.  See

16   Quezada, 520 F. App'x at 559 (finding district court properly dismissed retaliation claim based, in

17   part, on plaintiff's failure to allege facts showing that defendants' actions did not advance a

18   legitimate purpose).  For all of these reasons, plaintiff fails to state any cognizable claims for

19   retaliation in violation of his First Amendment rights.

20              **2. Failure to Take Corrective Action**

21        Plaintiff alleges here that defendants failed to investigate the retaliatory conduct plaintiff

22   described to them.  He further alleges defendants failed to implement policies to prevent further

23   conduct and failed to punish those engaged in misconduct.

24        Plaintiff's allegations lack any specificity.  While he states that he informed defendants

25   Cooper, Elston, McFadden, and Does 1-10 about the misconduct and they failed to take corrective

26   action, he does not explain how he informed them, just what they did not do, or how their failure

27   to take a specific action violated his rights.  His claims against these defendants will be dismissed.

28   ////

1    If plaintiff intends to amend his complaint to assert claims against these defendants, the following

2    legal standards may provide some guidance.

3        First, to the extent these defendants were involved in reviewing plaintiff's appeals, plaintiff is

4    advised that, generally, denying a prisoner's administrative appeal does not cause or contribute to

5    the underlying violation.  See George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Hernandez v.

6    Cate, 918 F. Supp. 2d 987, 1018 (C.D. Cal. 2013).  A defendant who reviewed plaintiff's appeals

7    is only liable if plaintiff demonstrates that the denial of an appeal caused him further injury.

8            To the extent plaintiff is alleging that these defendants were supervisors of Jaman or

9    Jaman's "partners," that is not a basis for liability without more.  Supervisory personnel are

10   generally not liable under § 1983 for the actions of their employees under a theory of respondeat

11   superior and, therefore, when a named defendant holds a supervisorial position, the causal link

12   between him and the claimed constitutional violation must be specifically alleged.  See Fayle v.

13   Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

14   1978).  Vague and conclusory allegations concerning the involvement of official personnel in

15   civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

16   Cir. 1982).

17       To the extent plaintiff is alleging these defendants were responsible for prison policies, to

18   state a claim plaintiff must:  (1) identify that policy with specificity, (2) show that the defendant

19   was directly responsible for it, (3) show that the defendant knew the policy could cause plaintiff

20   harm, and (4) show how the policy caused him harm.  See Starr v. Baca, 652 F.3d 1202, 1207-08

21   (9th Cir. 2011).  Finally, to the extent plaintiff is alleging these defendants failed to train other

22   officers, to state a claim he must show:  (1) that the defendant was responsible for that training,

23   (2) just what the defendant did or did not do, (3) that the defendant knew his actions could cause

24   plaintiff harm, and (4) that the actions did cause plaintiff harm.  See Edgerly v. City & Cnty. of

25   S.F., 599 F.3d 946, 962 (9th Cir. 2010) (dismissing supervisory liability claim when no facts

26   "suggest [Sheriff] provided any training to Officers...., or that he was responsible for providing

27   formal training to any officers.").

28   ////

1          **3. Due Process re RVR**

2          Plaintiff next appears to be claiming that he did not receive due process for the RVR

3     conviction of the "lesser included offense" of disrespect with potential for violence or disruption.

4     Plaintiff states the RVR charged him only with possessing a cell phone.  It did not advise him that

5     he was also facing a charge of disrespect.

6          Prisoners retain their right to due process subject to the restrictions imposed by the nature of

7     the penal system.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Prison disciplinary

8     proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant

9     in such proceedings does not apply.  See id.  But the Due Process Clause requires certain

10    minimum procedural protections where serious rules violations are alleged, the power of prison

11    officials to impose sanctions is narrowly restricted by state statute or regulations, and the

12    sanctions are severe.  See id. at 556–57, 571–72 n.19.  Later, the Court limited application of the

13    Wolff standards to prisoners who show that the deprivation of their liberty was "an atypical and

14    significant hardship on the inmate in relation to the ordinary and normal incidents of prison life."

15    Sandin v. O'Connor, 512 U.S. 472, 485 (1995).

16         Wolff established five constitutionally mandated procedural requirements for disciplinary

17    proceedings.  First, "written notice of the charges must be given to the disciplinary-action

18    defendant in order to inform him of the charges and to enable him to marshal the facts and

19    prepare a defense."  Id. at 564.  Second, "at least a brief period of time after the notice, no less

20    than 24 hours, should be allowed to the inmate to prepare for the appearance before the

21    [disciplinary committee]."  Id.  Third, "there must be a 'written statement by the factfinders as to

22    the evidence relied on and reasons' for the disciplinary action."  Id. (quoting Morrissey v. Brewer,

23    408 U.S. 471, 489 (1972)).  Fourth, "the inmate facing disciplinary proceedings should be

24    allowed to call witnesses and present documentary evidence in his defense when permitting him

25    to do so will not be unduly hazardous to institutional safety or correctional goals."  Id. at 566.

26    And fifth, "[w]here an illiterate inmate is involved [or] the complexity of the issue makes it

27    unlikely that the inmate will be able to collect and present the evidence necessary for an adequate

28    comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have

7

1    adequate substitute aid  . . . from the staff or from a[n] . . . inmate designated by the staff." Id. at

2    570.

3        Additionally, "some evidence" must support the decision of the hearing officer in a

4    disciplinary proceeding. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The standard is not

5    particularly stringent and the relevant inquiry is whether "there is any evidence in the record that

6    could support the conclusion reached." Id. at 455–56. However, the evidence must have some

7    indicia of reliability. Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

8        Plaintiff appears to be challenging only the notice requirement under Wolff. As a general

9    rule, specific notice of a lesser included offense is not required because the factual statement of

10   the RVR includes a description of that offense. "Being held accountable for a lesser offense,

11   under the same operative facts, does not change the sufficiency of the notice required under

12   Wolff" where the prisoner "was provided a full statement of the incident, which detailed the date,

13   time, place, and actions at issue." Rivera v. Chavez, No. EDCV 11-1638-JAK JEM, 2013 WL

14   1010534, at *4–5 (C.D. Cal. Feb. 8, 2013), rep. and reco. adopted, 2013 WL 1010486 (C.D. Cal.

15   Mar. 13, 2013); see also Goldmas v. Wegen, No. 2:16-cv-3009 JAM DB P, 2017 WL 1213414,

16   at *4 (E.D. Cal. Apr. 3, 2017) ("There is no due process violation [] for failure to give notice of a

17   lesser included offense." (citations omitted)); Jones v. Virga, No. 2:12-CV-1138 LKK GGH,

18   2013 WL 6383248, at *11 (E.D. Cal. Dec. 5, 2013); Jameson v. Yates, No. 1:07-cv-1344 LJO

19   DLB, 2008 WL 4937376, * (E.D. Cal. Nov.17, 2008), aff'd, 397 F. App'x 406 (9th Cir. 2010).

20   California regulations put prisoners on notice that they may be found guilty at a rules violation

21   hearing of an "included offense." Cal. Code Regs. tit. 15, §§ 3313(c); 3315(f)(3).

22       There appears to be only one RVR at issue – the RVR charging plaintiff with constructive

23   possession of a cell phone. The facts stated in the RVR concluded with the statement that

24   plaintiff "is aware of this report, and became aggressive and disrespectful toward staff." (ECF

25   No. 2 at 8.) However, the RVR charged plaintiff with only "Constructive possession of a cellular

26   telephone." (Id.) At the rehearing on the RVR, plaintiff was found guilty of the "included"

27   offense of Disrespect with Potential for Violence/Disruption in violation of Cal. Code Regs. tit.

28   15, §3004(b) ("Inmates, parolees and employees will not openly display disrespect or contempt

8

1   for others in any manner intended to or reasonably likely to disrupt orderly operations within the

2   institutions or to incite or provoke violence."). (See Results of Feb. 21, 2020 Disciplinary

3   Hearing (ECF No. 2 at 33-41).)

4       Plaintiff may be able to state a claim that he did not receive adequate notice that he might be

5   found guilty of a Disrespect charge when the RVR identified the charge as Possession of a Cell

6   Phone.  It is not clear to this court that Disrespect is an offense "included" within the Possession

7   of a Cell Phone.  However, while plaintiff's allegations are close to stating a claim, he fails to

8   explain who bore responsibility for the lack of notice.  In addition, plaintiff is reminded that if he

9   wishes to pursue this due process claim, he must have exhausted it through all levels of

10  administrative review prior to filing this suit.

11      **4.  Proper Defendants**

12      Plaintiff identifies CDCR as a defendant.  He may not do so for at least two reasons.  First,

13  the Eleventh Amendment bars suit against CDCR under § 1983.  See Pennhurst State Sch. &

14  Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Second, CDCR is not a person.  The Civil

15  Rights Act under which this action was filed provides for suit only against a "person" acting

16  "under color of" state law.  42 U.S.C. § 1983; see also Chudacoff v. Univ. Med. Ctr. of S. Nev.,

17  649 F.3d 1143, 1149-50 (9th Cir. 2011)  This court will recommend CDCR be dismissed from

18  this action.

19      Plaintiff also identifies ten "Doe" defendants.  There is no provision in the Federal Rules of

20  Civil Procedure for including unnamed defendants, also called "Doe" defendants, in a complaint.

21  The use of Does in pleading practice is generally disfavored – but it is not prohibited.  See

22  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160,

23  1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp. 2d 1149, 1152 (E.D. Cal. 2008).  However,

24  plaintiff must allege facts showing when, where, and how each Doe defendant violated his

25  constitutional rights.  See Addis v. Ariz. Dept. of Corrs., No. CV14-1115-PHX-DGC, 2015 WL

26  875233, at *3 (D. Ariz. Mar. 2, 2015).  Under § 1983, plaintiff must demonstrate that each

27  defendant personally participated in the deprivation of his rights.  See Jones v. Williams, 297 F.3d

28  930, 934 (9th Cir. 2002).  In other words, there must be an actual connection or link between the

1    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

2    Monell v. Dept. of Soc. Serv., 436 U.S. 658, 691, 695 (1978).

3         Plaintiff fails to identify any specific action, or inaction, by any specific unnamed defendant.

4    If he wishes to amend his complaint to allege claims against unnamed individuals, he must

5    identify each individual (for example, by calling them Doe 1 and Doe 2) and explain what each

6    one did.  Further, plaintiff must make every effort to determine the identity of each defendant

7    prior to amending his complaint.

8                                           **CONCLUSION**

9         For the reasons set forth above, plaintiff fails to state any claims cognizable under 42 U.S.C.

10   § 1983.  In addition, plaintiff cannot state a claim against CDCR and this court will recommend

11   that defendant be dismissed.  Plaintiff may file an amended complaint.

12        Plaintiff is advised that in an amended complaint he must clearly identify each defendant and

13   the action that defendant took that violated his constitutional rights.  The court is not required to

14   review exhibits to determine what plaintiff's charging allegations are as to each named defendant.

15   If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging

16   allegations must be set forth in the amended complaint, so defendants have fair notice of all

17   claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support

18   of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R.

19   Civ. P. 8(a).

20        Any amended complaint must show the federal court has jurisdiction, the action is brought in

21   the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a

22   request for particular relief.  Plaintiff must identify as a defendant only persons who personally

23   participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v.

24   Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

25   constitutional right if he does an act, participates in another's act or omits to perform an act he is

26   legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of

27   official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d

28   266, 268 (9th Cir. 1982) (citations omitted).

                                                  10

1    In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R.

2    Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R.

3    Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

4    occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

5    The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

6    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

7    heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

8    84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

9    set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

10   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

11   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

12   An amended complaint must be complete in itself without reference to any prior pleading.

13   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

14   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

15   evidentiary support for his allegations, and for violation of this rule the court may impose

16   sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

17   For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

18   follows:

19   1.  Plaintiff's motion to proceed in forma pauperis (ECF Nos. 5, 7) is granted.

20   2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is

21       assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

22       1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to

23       the Director of the California Department of Corrections and Rehabilitation filed

24       concurrently herewith.

25   3.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

26   4.  Plaintiff is granted sixty days from the date of service of this order to file an amended

27       complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

28       of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

11

1    docket number assigned this case and must be labeled "First Amended Complaint;"

2    failure to file an amended complaint in accordance with this order may result in a

3    recommendation that this action be dismissed.

4    5.  The Clerk of the Court is directed to randomly assign a district judge to this case and to

5    provide plaintiff with a copy of the prisoner complaint form used in this district.

6    Further, IT IS RECOMMENDED that defendant CDCR be dismissed from this action.

7    These findings and recommendations will be submitted to the United States District Judge

8    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

9    after being served with these findings and recommendations, plaintiff may file written objections

10    with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

11    and Recommendations."  Plaintiff is advised that failure to file objections within the specified

12    time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951

13    F.2d 1153 (9th Cir. 1991).

14    Dated:  June 23, 2020

15

16

17    DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE

18

19

20    DLB:9
     DLB1/prisoner-civil rights/fraz0978.scrn lta

21

22

23

24

25

26

27

28

12